United States District Court
Western District of New York
_____

Appellant
Lawrence Frumusa
   v.
Appellee
Lee E. Woodard

Trustee
Kathleen Schmitt
_____

DOCKET NO. 09-CV-6436

BK 09-21527-JCN

DECISION AND ORDER

INTRODUCTION

Now before the Court is Appellant's Motion for Reconsideration (Docket No. [#8]) of the Court's Decision and Order [#3] denying his motion for a stay. For the reasons that follow, the application is denied and this appeal is dismissed.

BACKGROUND

The facts of this case were set forth in the Court's Decision and Order issued on September 22, 2009 (Docket No. [#3]), and need not be repeated here. It is sufficient to note that on June 5, 2009, Lawrence Frumusa ("Appellant") filed the underlying bankruptcy case, Case No. 09-21527, as a Chapter 11.[1] On July 15, 2009, Monroe Capital, Inc., one of Appellant's creditors, filed a Motion to Convert Case from Chapter 11 to Chapter 7. (Bankruptcy Docket No. [#72]). The United States Bankruptcy Trustee and creditor Marianela Hernandez joined in the application. Bankruptcy Court scheduled a hearing on the application for August 5, 2009 at 9:30 a.m. Appellant's attorneys, who had moved to withdraw after Appellant terminated their employment, requested an

---

[1] Appellant had previously filed a Chapter 11 petition, which was dismissed on June 5, 2009, as a result of Appellant's failure to complete mandatory credit counseling. (Motion Requesting Stay of Appeal, Bankruptcy Docket No. [#174], at ¶ 4).

1

adjournment to allow Appellant to proceed *pro se* or to retain new counsel, but did not file any substantive opposition to the motion.

On August 5[2], 2009, Bankruptcy Court heard oral argument on the application. Appellant did not appear personally at that time, because he was incarcerated based upon a Contempt Order issued in connection with a case pending in New York State Supreme Court.[3] Appellant's attorneys appeared by telephone, however, stating that they were appearing in connection with a motion to withdraw as counsel, and further indicating that Appellant had discharged them as his attorneys on July 29, 2009. Judge Ninfo stated that he was aware of these circumstances, but nevertheless found that Appellant had not opposed the motion. In that regard, Judge Ninfo observed that, although Appellant, acting *pro se*, had filed various documents with the court in connection with his case, he did not file anything which addressed the motion to convert the case to a Chapter 7.[4]

After hearing argument, Judge Ninfo stated as follows:

At this point, I'm going to grant the motion to convert Mr. Frumusa's case. I think there clearly are grounds under 11.12B4 for cause, including those that have been separately articulated by the US trustee and by Mr. Dove. [Attorney for Monroe Capital, Inc.] And [the] stated causes, those are not all inclusive, in the kinds of actions that we have seen, including diversions after filing the petition, failure to file the necessary schedules and reports, not get insurance on assets which weren't even initially disclosed.

---

[2]The transcript of this appearance indicates that the date was August 6, 2009, however, from the docket sheet, that date appears to be a typographical error.

[3]Apparently, Appellant was taken into custody on August 4th and released on August 5th, some time after the appearance in Bankruptcy Court.

[4]Transcript of August 5, 2009 appearance, at 20: THE COURT: "[H]e seems to be able to file all kind of papers and pleadings on his own behalf, and he filed nothing in connection with this motion to convert his Chapter 11 case . . . I can't tell you how many pleadings I've been told he's filed . . . . What do you think he needs more time for? He hasn't filed anything with respect to this."

> ***
>
> I don't see how he can put together a plan. Mismanagement of [Frumusa's] companies – the mismanagement of everything that has been shown to the Court, including these whole misdirected, [procedurally incorrect] motions and pleadings that keep getting filed with the Court, makes pretty clear to the Court that really, Mr. Frumusa cannot be left in charge of any of the business or other assets that he may own or have interest in, for the sake of the creditors, and that there is plenty of reason or cause to convert this, as we heard today.
>
> The fact that Mr. Frumusa may be incarcerated at this point, although a fact, doesn't change the fact that he never, before his incarceration, which I believe took place yesterday, filed opposition to the pending motion as required by the motion papers. And I can only conclude from that that he is not, in fact, opposed to the conversion. . . . I think there is cause. I think we have to put an end to this.

(Transcript of August 5, 2009 appearance at 32-33). On August 7, 2009, Bankruptcy Court issued the Order (Bankruptcy Docket No. [#134]) converting Appellant's case to a Chapter 7.

On August 11, 2009, Appellant, proceeding *pro se*, filed a Notice of Appeal to District Court (Bankruptcy Docket No. [#150]), and a Motion to Stay Pending Appeal with the Bankruptcy Court. (Bankruptcy Docket No. [#148]). The Notice of Appeal did not indicate the grounds for the appeal. However, the Civil Cover sheet contains the notation, "As a result of others Plaintive [sic] was not present at Hearing and had effectively no representation." In connection with the request for a stay pending appeal, Appellant stated, in relevant part: "Conversion of Debtor's case will have irreparable damages on Debtor's assets." (Motion Requesting Stay Pending Appeal, ¶ 16). By Decision and Order (Bankruptcy Docket No. [#174]) filed on August 12, 2009, Judge Ninfo denied the application for a stay. In that regard, Judge Ninfo noted: "Frumusa asserts that, '[c]onversion of Debtor's case will have <u>irreparable damages</u> on Debtor's

3

assets,' but he fails to in any way articulate what irreparable damages he believes may result." *Id*. at 4 (emphasis in original). Judge Ninfo further stated: "[T]he [U.S. Trustee] and other interested parties placed on the record numerous facts and circumstances establishing good cause for conversion, including [the Trustee's] concern that it was impossible to 'follow the money' in this case and in the Affiliated Cases in which Frumusa was in control of the debtors, so that any stay pending appeal that would leave Frumusa in control of his assets could result in <u>substantial and irreparable harm to his creditors</u>." *Id*. at 5 (emphasis in original).

On August 26, 2009, Appellant commenced the instant action to appeal Judge Ninfo's Order converting Appellant's Chapter 11 case to Chapter 7. (Bankruptcy Case No. 09-21527, Bankruptcy Docket No. [#134]). Appellant did not comply with Bankruptcy Rule 8006, by filing and serving a Designation of Record and Statement of Issues, even though Bankruptcy Court had notified him of the necessity of doing so, by Notice issued on August 12, 2009.[5]

On September 9, 2009, Appellant filed an "Emergency Motion for Relief Being Stay of Order Filed August 7, 2009, Converting Case to Chapter 7 Pending Appeal." (Docket No. [#2]). As part of the application, Appellant stated that Judge Ninfo unfairly decided the motion to convert in his absence, and that a stay of the order converting the

---

[5]On August 12, 2009, Bankruptcy Court issued a Notice to Appellant of Deadlines & Responsibilities (Notice Regarding Perfecting the Record on Appeal [Bankruptcy Rule 8006]), which, in relevant part, advised Appellant that he was required to file with Bankruptcy Court, and serve on the appellee, within ten days, a "Designation of Record on Appeal and Statement of Issues," together with proof of service, and that if he failed to do so, Bankruptcy Court would transmit the "incomplete record" to the District Court. The notice concluded: "Appellant is advised that the appeal may be subject to dismissal by District Court, in the event of Appellant's failure to serve and file the Designation within the time required by Bankruptcy Rule 8006, upon a motion by the Appellee or on the Court's own motion." (Bankruptcy Docket No. [#168]). On August 26, 2009, Bankruptcy Court transmitted the record on appeal to District Court (Bankruptcy Docket No. [#203]), indicating that the record was incomplete because Appellant had not filed the Statement of Issues. (Bankruptcy Docket No. [#168]).

4

action to Chapter 7 was necessary to avoid irreparable harm to his assets. In that regard, Appellant stated that he was solvent, and that liquidating his assets would "only destroy other performing businesses Lawrence Frumusa is involved with." *Id*. at ¶ 18.

Appellant's mention of "other businesses" referred to three corporations which he owns that are also in bankruptcy proceedings. Appellant stated that a Chapter 7 liquidation in his personal case would negatively affect the Chapter 11 petitions of those corporations, since he personally guaranteed loans on construction equipment used by the corporations: "This equipment and its low cost overhead is critical to implementing the corporate Chapter 11 reorganization plan. However, current Chapter 7 actions will cause equipment to be liquidated, sever[ely] impacting the reorganization plans."*Id*. at ¶ 19. Appellant's reference to existing Chapter 11 reorganization plans, though, was incorrect, since the corporate debtors' cases were also converted from Chapter 11 to Chapter 7 months earlier, upon motions of the corporate debtors. (*See*, Bankruptcy Case Nos. 09-21123, 09-21124, 09-21126; see also, Transcript of August 5, 2009 Appearance at pp. 5-9, denying motions to reconsider orders converting cases from Chapter 11 to Chapter 7).

By Decision and Order issued on September 22, 2009, this Court denied the application for a stay. In doing so, the Court stated:

> Appellant is requesting a stay of Judge Ninfo's Order, converting his case from Chapter 11 to Chapter 7, pending the outcome of this appeal. It is well settled that,
>
>> [t]he decision as to whether to issue a stay of an order pending appeal lies within the sound discretion of the district court. Four factors are considered in exercising that discretion: (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial

5

> injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected.
>
> *In re Adelphia Communications Corp.*, 361 B.R. 337, 346 (S.D.N.Y. 2007) (footnotes, citations, and internal quotation marks omitted); *see also, Id*. (Noting that courts must balance these factors.) (Footnotes and citations omitted).
>
> Applying these factors, the Court finds that a stay is not warranted. In that regard, the Court finds, first, that Appellant may well suffer irreparable harm if a stay is not granted, since this will result in the continued liquidation of the estate. However, as discussed above, Appellant's contention that such liquidation will negatively affect the Chapter 11 plans in his companies' bankruptcy proceedings has no merit, since the companies are not in Chapter 11 at present. Second, Appellant's creditors may well suffer substantial injury if a stay is granted, given the allegations of mismanagement and noncompliance by Appellant. Third, Appellant has not shown that his appeal is likely to succeed. The fact that Appellant was not present in Court on August 5th probably had no effect on the outcome of the motion, given the nature and number of allegations of mismanagement and noncompliance that were presented. Additionally, the explanations that Appellant proffered to the U.S. Trustee, consisting primarily of accusations of wrongdoing by others, are not persuasive. Moreover, Appellant filed no opposing papers, even after firing his attorneys. Fourth, the Court finds that the public interest does not strongly favor Appellant or Appellee. Considering all of these factors, a stay pending appeal is not warranted.

(Decision and Order [#3] at 6-7). Further, the Court discussed the fact that the appeal was not perfected, since Appellant had not complied with Bankruptcy Rule 8006. In that regard, the Court stated:

> Additionally, Appellant did not comply with Bankruptcy Rule 8006, since he failed to file and serve a Designation of Record on Appeal and Statement of Issues. Bankruptcy Court's notice in that regard was clear, and Appellant has provided no explanation for his failure to comply. Appellant is directed to file and serve, within five days of the date of this Decision and Order, the following: 1) the Record on Appeal and Statement of Issues; 2) proof of service; and 3) an explanation for his failure to comply with Rule 8006. **Failure to comply with this directive may result in the dismissal of this action.** *See, In re Harris*, 464 F.3d 263 (2d Cir. 2006).

(Decision and Order [#3] at 7-8).

On September 24, 2009, in response to the Court's Decision and Order, Appellant filed a document [#4][6] in which he explained that he had inadvertently filed a "Statement of Issues and Election to appeal" [sic] in another pending action, Case No. 09-CV-6438. However, Case No. 09-CV-6438 is a civil action captioned "Michael Siragusa v. Michael J. Astrue" that has no connection to the instant case. The Court assumes that Appellant was intending to refer to Case No. 09-CV-6448, which is an appeal from bankruptcy court by one of his corporations, Lawrence Frumusa Land Development LLC. In that case, Appellant did in fact file documents entitled "Appellant's Designation of Items in Record on Appeal" and "Appellant's Statement of Issues." However, those documents refer to the docket in bankruptcy case number 09-21126-JCN, while the instant action involves bankruptcy case number 09-21527-JCN.

In any event, in response to this Court's prior Decision and Order in this case, Appellant stated that by the following day, he would file a "Statement of Issues and Election to appeal" and "Supplement Record of Appeal." Despite this representation, Appellant, to date, has not filed either, nor has he filed a proof of service.

Instead, on October 2, 2009, Appellant filed the subject Motion for Reconsideration [#8]. In his application, Appellant states that the August 5, 2009, hearing in Bankruptcy Court was unfair, and that certain participants at the hearing made

---

[6]Appellant also filed the following documents: 1) an affidavit [#5] from Devin Hollands ("Hollands"), who identifies himself as a "Certified Turnaround Professional," and who opines, in conclusory fashion, that "Lawrence Frumusa Land Development LLC," which is a separate entity from Appellant, "could successfully reorganize itself under Chapter 11 with proper oversight"; 2) an affidavit [#7] by Gary Bunce ("Bunce"), who identifies himself as the CEO of one of the unsecured creditors of Lawrence Frumusa Land Development, LLC, which, again, is not the Appellant, and who states, *inter alia*, that he thought the August 5, 2009 hearing in Bankruptcy Court was unfair to Appellant and to unsecured creditors; and 3) a "supplemental motion" [#6] asking the Court to consider the affidavits by Hollands and Bunce.

7

false statements. For example, Appellant states that some of the individuals at the hearing who spoke against him, whom the Bankruptcy Court identified as creditors, are not actually creditors. Additionally, Appellant contends that "the US Trustee joined with invalid creditors [in the motion to convert], and [did not inform] real creditors of their rights." Appellant also alleges that Judge Ninfo intentionally arranged to have him incarcerated for contempt by New York State Supreme Court, so that he could not attend the hearing.[7] Appellant further maintains that the conversion of his case to Chapter 7 is partly due to a personal vendetta against him by the U.S. Trustee, and partly due to a minority partner's attempt to cheat him out of millions of dollars. In support of the application, Appellant relies on the documents mentioned in footnote 6 above, as well as upon portions of the transcript of a "341 Meeting" held on July 7, 2009.

Strangely, Appellant further states, "Please also see that now the proper documents are filed correctly in compliance of 8006, and since the clerk transmitted the full record to the district court. It is the understanding that the designation of the record is not required." [sic] (Motion for Reconsideration [#8] ¶ 31(d)). The Court reiterates that to date, Appellant has not filed a statement of issues or a designation of record on appeal in this case.

DISCUSSION

At the outset, the motion for reconsideration is denied. The Court construes the application as being made pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b),

---

[7]Appellant further asks the Court to schedule a hearing concerning another case that he has filed in this Court, Case No. 09-CV-6448: "Given the vast disparity between the allegations raised and the factual truth, I would request your Honor schedule a hearing at the earliest possible time so the Appellant may properly present this Motion for stay the Emergency Motion for stay in the Corporate case (09-cv-06448). Allowing your Honor the benefit of an informed decision." [sic]

which provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FRCP 60(b). Applying this rule, the Court finds that Appellant has not shown any basis for reconsideration of the Court's prior order. The information upon which Appellant relies, namely, the affidavits and transcript of the 341 Meeting, are not newly-discovered evidence. Moreover, none of the information in these documents would cause the Court to reach a different outcome than it did in its prior Decision and Order. In that regard, the affidavits are essentially conclusory statements of opinion, and the portions of the 341 Meeting transcript that Appellant provided do not refute the allegations of mismanagement that were leveled against him in the moving papers and at the August 5th hearing.

The Court will now consider Appellant's failure to comply with that portion of the Court's prior Decision and Order which stated:

> Appellant is directed to file and serve, within five days of the date of this Decision and Order, the following: 1) the Record on Appeal and Statement of Issues; 2) proof of service; and 3) an explanation for his failure to comply with Rule 8006. **Failure to comply with this directive may result in the dismissal of this action.** *See, In re Harris*, 464 F.3d 263 (2d Cir. 2006).

Clearly, Appellant has not complied with this Order. As mentioned above, to date no Record on Appeal or Statement of Issues has been filed in this action. Moreover, Appellant's explanation for his failure to file those documents makes no sense.

Rule 8001(a) of the Federal Rules of Bankruptcy states, in relevant part, that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." In *In re Harris*, 464 F.3d at 269-272, the Second Circuit discussed the factors that a district court should consider, pursuant to Bankruptcy Rule 8001, when faced with an Appellant's failure to comply with the Bankruptcy Rules. The Court has considered those factors. Additionally, the Court gave Appellant additional time to file his designation of record on appeal and statement of issues, and advised him that his failure to do so could result in the dismissal of this action. However, although Appellant responded that he would file those items, he did not do so. The Court has also considered whether a lesser sanction would be appropriate, but concludes that dismissal is appropriate here, since Appellant seems unwilling to comply with the Court's directions. Consequently, the appeal is dismissed.

In the event that a reviewing court should disagree with this Court's decision to dismiss the appeal, the Court further notes that it would affirm Judge Ninfo's decision on the merits. Pursuant to 28 U.S.C. §158, "the district courts of the United States . . . have jurisdiction to hear appeals" "from final judgments, orders, and decrees" of a bankruptcy judge. 28 U.S.C. §158(a)(1). Additionally, as outlined under Rule 8013 of the Federal Rules of Bankruptcy Procedure, "[o]n an appeal the district court may affirm, modify, or

reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings," and findings of fact "shall not be set aside unless clearly erroneous." Fed.R.Bankr.P.8013. Moreover,

> [u]nder this standard, the district court is not authorized to engage in independent fact finding and reviews the bankruptcy court's findings only for clear error. The findings of fact can only be set aside by the district court when, after reviewing the evidence, the court is left with the firm and definite conviction that a mistake has been committed.

*Bagel Bros. Maple, Inc. v. Ohio Farmers, Inc.*, 279 B.R. 55, 61 (Bankr. W.D.N.Y. 2002) (citations and internal quotation marks omitted). However, when a district court is reviewing conclusions of law, a *de novo* standard is applied. *Id.; See also, In re Enron North America Corp.*, 312 B.R. 27, 28 (Bankr. S.D.N.Y. 2004).

Here, the Court has reviewed the applicable motions to convert the action to Chapter 7, that were filed by Monroe Capital, Inc., the U.S. Trustee, and Marianela Hernandez. (Bankruptcy Docket Nos. [## 72, 100, 115, 116]). These applications allege a pattern of serious wrongdoing by Appellant. As just one example, the motion by Monroe Capital describes what it calls "gross mismanagement of the estate, if not outright fraud," including the fact that Appellant diverted $250,000.00 from Hospitality Development, LLC, a company that he controlled, after he had been ordered by New York State Supreme Court, Monroe County, to turn over all of Hospitality Development's assets to a receiver. Appellant filed no opposition to the motions. At most, Appellant's attorneys, who had moved to withdraw from representing him, filed a request for an extension of time to allow him to either proceed *pro se* or retain new counsel.[8] After

---

[8] In various documents filed with this Court, Appellant indicates that he is proceeding *pro se* because he is unable to retain new counsel.

firing his attorneys on July 29, 2009, Appellant filed nothing on his own behalf in opposition to the motions to convert.

In support of this appeal, Appellant alleges only that he "was not present at Hearing and had effectively no Legal Representation." (Civil Cover Sheet, Docket No. [#1]). However, it was Appellant's own fault that he was not at the hearing. That is, Appellant was in custody because he violated a court order. Moreover, contrary to Appellant's earlier contention that he "effectively had no legal representation" at the hearing on August 5th, he now maintains that his "personal attorneys were present August 5, 2009." (Docket No. [#8], ¶ 15). More importantly, Appellant failed to oppose the motions to convert, as Judge Ninfo correctly found. For all of the foregoing reasons, the Court would affirm Judge Ninfo's decision converting Appellant's case to Chapter 7.

## CONCLUSION

Appellant's motion for reconsideration [#8] is denied and this action is dismissed.

SO ORDERED.

DATED: Rochester, New York
October 16, 2009

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge